IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Jeffrey Lewis, ) | |
| ) | |
| Plaintiffs, ) | C.A. No. 2:13-cv-3465-RMG |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Deputy Robert Sarvis, Sheriff A. Lane ) | |
| Cribb, and Georgetown County Sheriff's ) | |
| Office, ) | |
| Defendants. ) | |
| ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and the South Carolina Tort Claims Act, asserting various causes of action arising out of his arrest and prosecution under S.C. Code § 16-13-180(A) for receiving and possessing stolen goods "which he had reason to believe were stolen." (Dkt. No. 26-4). Defendants moved for summary judgment, arguing *inter alia* that Plaintiff's constitutional claims failed because there was probable cause to support Plaintiff's arrest and prosecution. (Dkt. No. 26-1). Plaintiff opposed the Defendant's summary judgment motion, asserting that there was no probable cause to support the charge because an element of the offense was that the accused must have "received the goods" with "fraudulent intent." (Dkt. No. 34 at 12-13, *citing State v. White*, 44 S.E.2d 741, 742 (S.C. 1947)).

This matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge issued an Report and Recommendation ("R & R") on May 27, 2015 recommending that the Defendants' motion for summary judgment be granted as to Defendants Cribb and the Georgetown County Sheriff's Office and denied as to Defendant Sarvis. (Dkt. No. 40). In making that recommendation, the Magistrate Judge found that the federal claims, which involve causes of action for false arrest and malicious prosecution under 42 U.S.C. § 1983, "require a

-1-

-2-

showing that Plaintiff's arrest and prosecution were without probable cause." (*Id.* at 8-10). The Magistrate Judge, in reaching the conclusion that there was no probable cause for Plaintiff's arrest and prosecution, stated that "[d]uring the time period at issue, it was certainly well established that the law regarding receiving stolen goods" under South Carolina law required a showing that the accused "knowingly received stolen goods" and "did so with a fraudulent intent." (*Id.* at 10-11 n. 6).

Plaintiff filed no objections to the R & R. Defendant Sarvis objected to the recommendation that his motion for summary judgment be denied on both the federal constitutional and state tort claims. (Dkt. No. 43). Defendant Sarvis argued that the Magistrate Judge relied on an outdated version of the relevant South Carolina statute, S.C. Code § 16-13-180. He maintains that under the amended version applicable to this matter there was probable cause to support the arrest and prosecution and that even if there was not probable cause, he is entitled to qualified immunity. (*Id.* at 2-9). Plaintiff filed a response to Defendants' objections and Defendants filed a reply. (Dkt. No. 45, 48).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with theCourt. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996).

## Factual Background

The Magistrate Judge ably set forth the undisputed factual record in this matter. (Dkt. No. 40 at 2-7). Plaintiff, who is in the scrap metal business, was advised by Defendant Sarvis, a deputy with the Georgetown County Sheriff's Office, in March 2011 that he should be on the lookout for stolen brass vases which had been taken from a local cemetery. (Dkt. No. 26-2 at 21). In July 2011, an employee of Plaintiff's, unaware of the communication between Defendant Sarvis and Plaintiff, purchased eight brass vases. The following day Plaintiff noticed the vases, learned his employee had purchased them, and directed that no further vases be purchased. (*Id.* at 28). Plaintiff then took the vases into an area so they would not be processed but did not alert Defendant Sarvis that he had possession of them. (*Id.*). Plaintiff acknowledged he knew the vases were stolen and that he continued to possess them. (Dkt. No. 34-1 at 4).

Two days after Plaintiff became aware of the stolen merchandise, the seller of the vases returned and attempted to sell Plaintiff's business additional brass vases. Plaintiff refused to purchase them and contacted Defendant Sarvis with information on the seller. (Dkt. No. 26-2 at 33). The seller was apprehended and prosecuted. (Dkt. No. 34-3).

Additionally, Defendant Sarvis investigated Plaintiff for his knowing possession of stolen merchandise. In a recorded interview with Defendant Sarvis, Plaintiff acknowledged that he "knew [the vases] were stolen" and "I knew we weren't supposed to have them. I understand that was wrong, and I understand I probably should've called you when I realized we had them. . . ." (Dkt. No. 34-1 at 3). Plaintiff went on to state during the investigative interview that when the seller of the stolen vases returned, "I said okay, here's my chance to make everything right, because I, I didn't want the vases." (*Id.* at 4).

Defendant Sarvis sought a warrant for Plaintiff's arrest from a state magistrate under S.C. Code § 16-13-180(A). Sarvis' affidavit in support of the warrant stated that Plaintiff had unlawfully maintained possession of the vases which he "he had reason to believe were stolen." (Dkt. No. 26-4). The affidavit did not address the issue of whether Plaintiff was aware that the vases were stolen at the time they were purchased. A state magistrate issued a warrant for Plaintiff's arrest and he was subsequently arrested and spent a night in jail before he was released on bail. He was then tried in magistrate's court before the same magistrate who issued the warrant and was acquitted.

Plaintiff argues that Defendant Sarvis failed to provide the state magistrate with material facts which allegedly would have negated the probable cause finding. Specifically, he alleges that the magistrate was not informed that Plaintiff was unaware the goods were stolen at the time they were received by Plaintiff's business, which Plaintiff argues is a material element of the state offense. All parties recognize, as did the Magistrate Judge, that if probable cause was in fact present, Plaintiff could not assert valid claims for false arrest or malicious prosecution under § 1983.

## Analysis

### A.  Federal Claims Against Defendants Cribb and the Georgetown County Sheriff's Office.

The Magistrate Judge recommended the dismissal of the claims against Defendants Georgetown County Sheriff's Office and Cribb, sued only in his official capacity, on Eleventh Amendment grounds. (Dkt. No. 40 at 11-12). No party filed objections to this portion of the R & R. After a review of the full record in this matter, the R & R, and the applicable case law, the Court finds that the Magistrate Judge correctly concluded that the § 1983 claims against Defendants Georgetown County Sheriff's Office and Cribb are barred by the Eleventh Amendment. Therefore, the Court adopts that portion of the R & R (Dkt. No. 40 at 11-12) as the order of the Court and dismisses with prejudice the § 1983 claims against Defendants Georgetown County Sheriff's Office and Cribb.

### B.  § 1983 Claims Against Defendant Sarvis

The Magistrate Judge recommended that the Court deny summary judgment regarding the § 1983 claims against Defendant Sarvis because there was no probable cause to arrest and prosecute Plaintiff under S.C. Code § 16-13-180(A) because this statute required that the accused "knowingly receive stolen goods" and he "must do so with a fraudulent intent." (Dkt. No. 40 at 11-12 n. 6). Defendant Sarvis objects to this conclusion, arguing that the R & R made reference to an outdated version of the statute and that there was probable cause to arrest and prosecute Plaintiff under the version in effect at the time the warrant was issued. (Dkt. No. 43 at 2-5).

Prior to 1993, S.C. Code § 16-13-180(A) made it "unlawful for any person knowingly to buy or receive stolen goods . . . ." S.C. Act No. 640 (1988). The law was amended and broadened in 1993 to make it unlawful to "buy, receive or *possess* stolen goods . . . if the person knows or has reason to believe the goods" were stolen. S.C. Act No. 171, § 9 (1993) (emphasis

added). Based upon the undisputed facts in the record, there would not have been probable cause to arrest Plaintiff under the former version of the statute because there is no evidence that he had knowingly bought or received stolen goods. However, the 1993 version of the statute, which was in effect when the events in question transpired 2011, made the simple knowing possession of stolen goods a violation of the statute. Since the record demonstrates that after being informed that an employee had unknowingly purchased stolen goods Plaintiff continued to possess the goods, Defendant Sarvis did, in fact, have probable cause under S.C. Code § 16-13-180(a) to believe the statute was violated. *See also State v. Tinsley*, 2012 WL 10841846 at *1 (S.C. App. 2012) ("The elements of [S.C. Code § 16-13-180(A)] are met if the State can show the defendant had possession of the stolen property and knowledge the property was stolen.").

One might argue that despite the clear language of S.C. Code § 16-13-180(A) an accused could not be held criminally liable unless there was an intent to permanently possess the stolen vases or some other form of criminal intent. No South Carolina court has had the occasion to address this issue since the statute was expanded in 1993 to include the knowing possession of stolen goods. But it is well settled that a law enforcement officer need not be prescient about future interpretations of the law and is entitled to qualified immunity unless his conduct violated "clearly established rights of which a reasonable person would know." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Based upon the record in this matter, viewed in a light most favorable to the Plaintiff as the non-moving party, the Court finds that Defendant Sarvis did have probable cause to arrest and prosecute Plaintiff under S.C. Code § 16-13-180(A). Therefore, Plaintiff cannot assert a valid claim for false arrest or malicious prosecution under § 1983. *Gray-Hopkins v. Prince George's County, Maryland*, 309 F.3d 224, 232-33 (4th Cir. 2002); *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000). Moreover, Defendant Sarvis is entitled to qualified immunity

because there was not at the time clearly established law that the arrest and prosecution of Plaintiff under S.C. Code § 16-13-180(A) for knowing possession of stolen property was unlawful. The Court grants Defendant Sarvis' motion for summary judgment on the Plaintiff's § 1983 claims.

### C.    Plaintiff's State Tort Claims

The only remaining claims in this matter are state tort claims. Where a district court has dismissed all pending federal claims, the court "may decline to exercise supplemental jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). This is particularly appropriate where there is a strong state interest in adjudicating certain matters, such, as here, the scope of a state law enforcement officer's liability under the South Carolina Tort Claims Act where an arrest and prosecution were undertaken with probable cause. Therefore, the Court exercises its discretion to decline supplemental jurisdiction and remands this case to the Georgetown County Court of Common Pleas where it was previously removed.

### Conclusion

Based on the foregoing, the Court (1) dismisses with prejudice the § 1983 claims against Defendants Georgetown County Sheriff's Office and Cribb under the Eleventh Amendment of the United States Constitution; (2) dismisses with prejudice the § 1983 claims against Defendant Sarvis on the basis that there was probable cause to arrest Plaintiff and Defendant Sarvis is otherwise entitled to qualified immunity; and (3) declines to exercise supplemental jurisdiction over the state tort claims and remands these claims to the Georgetown County Court of Common Pleas.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

July 9, 2015
Charleston, South Carolina